UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


CHRISTINA TEMA-LOPEZ,
ADMINISTRATRIX OF THE ESTATE OF
ELFIGO OROZCO-GOMEZ, ON
BEHALF OF MICHAEL OROZCO-TEMA,
A MINOR CHILD                                              PLAINTIFF


VS.                                    CIVIL ACTION NO. 3:10CV380TSL-MTP


U.S. CONVEYOR SOLUTIONS, INC.,
ACTIONPAQ CORPORATION, AND
JOHN DOES 1-10                                            DEFENDANTS

MEMORANDUM OPINION AND ORDER

        This cause is before the court on the motion of defendant

ActionPaq Corporation for summary judgment pursuant to Rule 56 of

the Federal Rules of Civil Procedure.  Plaintiff Christina Tema-

Lopez, Administratrix of the Estate of Elfigo Orozco-Gomez, on

behalf of Michael Orozco-Tema, a minor child, has responded to the

motion and the court, having considered the memoranda of

authorities, together with attachments, concludes the motion is

well taken and should be granted.

        Michael Orozco-Tema died on June 16, 2007 as the result of an

industrial accident at his place of employment, DeBeukalaer

Corporation in Madison County, Mississippi, in which he was

allegedly caught and pulled into an unguarded conveyor.  On June

4, 2010, plaintiff Tema-Lopez, on behalf of the Estate of Elfigo

Orozco-Gomez and of Michael Orozco-Tema, alleged to be the

illegitimate minor son of Elfigo Orozco-Gomez, filed this survival/wrongful death action in the Circuit Court of Madison County, Mississippi, against U.S. Conveyor Solutions, Inc. (U.S. Conveyor), which was alleged to have designed, manufactured and sold the subject conveyor system.  U.S. Conveyor removed the case to this court on the basis of diversity jurisdiction.

On February 24, 2011, Tema-Lopez filed an unopposed motion to amend to join as a defendant ActionPaq Corporation, asserting she had learned "[t]hrough recent depositions and discovery ... that Actionpaq Corporation, and its employees and/or agents were instrumental in the design and manufacture of the defective conveyor system which caused the death of Mr. Orozco-Gomez...." Her motion was granted on February 28, 2011.  After being served with process and filing its answer, ActionPaq filed the present motion for summary judgment.  In its motion, ActionPaq argues, *inter alia*, that the Estate's survival claims and the minor's putative wrongful death claims are barred by the applicable three-year statute of limitations in Mississippi Code Annotated § 15-1-49.  It contends that the statute of limitations expired on June 16, 2010, three years from the date of Elfigo Orozco-Gomez's death, and that the amended complaint filed against it nearly eight months later was thus untimely.

Plaintiff agrees that any wrongful death claim that could possibly be asserted, as well as the Estate's survival action, is subject to the three-year statute of limitations of Mississippi Code Annotated § 15-1-47, and she agrees that the statute of limitations on these claims accrued on the date of Elfigo Orozco-Gomez's death; and while her original complaint was filed within three years of his death, she necessarily acknowledges her amended complaint naming ActionPaq was not.  Plaintiff submits, however, that her claim should be deemed timely based on equitable tolling principles, and that ActionPaq's motion should be denied.

"[T]he addition of [a] new defendant commences the lawsuit as to it."  Braud v. Transport Service Co. of Illinois, 445 F.3d 801, 806 (5th Cir. 2006).  Federal Rule of Civil Procedure 15(c)(1)(C) creates an exception, and in certain circumstances allows for the "relation back" of amendments that modify the defendants against whom the suit is brought.  Id. at 806 & n.12.  Under the Rule, an amendment naming a different defendant will relate back if the claim asserted arose out of the same conduct set forth in the original pleading and the new defendant, within the time provided by Federal Rule of Civil Procedure 4(m), received notice of the filing of the original action so that he would not be prejudiced in presenting a defense on the merits, and the new defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the [new] party."  Rule 15(c)(3).

The Fifth Circuit has repeatedly held that Rule 15(c) "is meant to allow an amendment changing the name of a party to relate back to the original complaint *only if the change is the result of an error, such as a misnomer or misidentification,*" Jacobsen v. Osborne, 133 F.3d 315, 320 (5th Cir. 1998) (citation omitted) (emphasis added), and that "failing to identify individual defendants cannot be characterized as a mistake," id. (citing Barrow v. Wethersfield Police Dept., 66 F.3d 466, 469 (2d Cir. 1995)).

In the case at bar, plaintiff did not mistakenly sue or name the wrong defendant; rather, at the time she filed her original complaint, she was unaware of ActionPaq's existence or its involvement in the design and/or installation of the subject conveyor system.  Plaintiff notes that precisely because of the potential existence of unknown designers and contractors who might be identified through discovery, she named "John Does 1-10" in her original complaint and thereafter sought through discovery to determine the identity of other parties who may have had knowledge of or been involved in the design, construction, layout or installation of the subject conveyor system.  According to plaintiff, through such discovery, and in particular through depositions of DeBeukalaer Corporation officers and employees, she discovered ActionPaq's existence and involvement in the design and installation of the subject system, and promptly upon gaining such knowledge, sought to amend to add ActionPaq.  She submits that

under these circumstances, the court should find the statute of
limitations was equitably tolled and deem her amended complaint
timely.

In Jacobsen, the Fifth Circuit held that an amendment to
replace a "John Doe" does not relate back under Rule 15(c) because
the rule is aimed at correcting a "mistake" concerning the
identity of a party, and in the case of a John Doe defendant,
there is no "mistake concerning the proper identity" but rather a
lack of knowledge of the identity of the proper party. Id. at
321. Plaintiff submits that she does not need for her complaint
to relate back under Rule 15(c) to be considered timely, since the
circumstances in this case support application of equitable
tolling to the statute of limitations, just as they did in Green
v. Doe, 260 Fed. Appx. 717, at 2 (5th Cir. 2007), in which the
Fifth Circuit found an amendment to identify a Doe defendant
timely by virtue of equitable tolling of the limitations period.

As plaintiff notes, the applicable limitations period may be
equitably tolled in appropriate circumstances. See Rotella v.
Pederson, 144 F.3d 892, 897 (5th Cir. 1998). "The doctrine of
equitable tolling preserves a plaintiff's claims when strict
application of the statute of limitations would be inequitable."
Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995).
However, equitable tolling is available only to litigants who
diligently pursue their actions. Myers v. Nash, 2011 WL 1938160,
2 (N.D. Tex. 2011) (citing Coleman v. Johnson, 184 F.3d 398, 403

5

(5th Cir. 1999), and <u>Covey v. Arkansas River Co.</u>, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights")).

In the court's opinion, unlike the plaintiff in <u>Green</u>, upon which she relies, plaintiff has not shown that she exercised the required diligence.  In <u>Green</u>, the plaintiff filed suit eleven months before the limitations period would expire and commenced discovery aimed at identifying the John Doe defendants.  Although there was specific information that should have made the identification of such defendants relatively easy, the district court denied Green's requests to conduct discovery before limitations had run, which led the Fifth Circuit to conclude that the limitations had been equitably tolled.  The court held,

> To deny Green the opportunity to amend his complaint where he has diligently sought to discover the identity of "John Doe" would be tantamount to eliminating the use of a "John Doe" in bringing any suit.  The only reason to sue a "John Doe" is to conduct discovery backed by the authority of the court, but where the amendment cannot relate back and the court incorrectly denies discovery, the "John Doe" has become a nullity.  Although the use of a "John Doe" is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants. <u>See</u> <u>Colle v. Brazos County, Tex.</u>, 981 F.2d 237, 243 n. 20 (5th Cir. 1993).

<u>Green</u>, 260 Fed. Appx. at 719, 2007 WL 4561113, at 2.

In the court's opinion, however, unlike the plaintiff in <u>Green</u>, plaintiff herein has not shown she was diligent in seeking to ascertain the identity of potential defendants.  Not only does it appear she was slow in undertaking discovery once the case was

commenced, but she waited until the last minute to file suit. Plaintiff filed this nearly three years after the accident (and less than two weeks before the limitations period was to expire); and she has not shown that any effort was made to determine the identity of potential defendants during the nearly three years between the accident and her commencing this litigation or that circumstances prevented her from filing suit and commencing discovery sooner. In this very circumstance, the court in Spencer v. Doe, No. 3:10-CV-1801-N-BH, 2011 WL 3444336, at 3 (N.D. Tex. June 2, 2011), held that equitable tolling was unavailable to a plaintiff filed suit naming Doe defendants a mere two weeks before the limitations period was to expire. The court's reasoning is equally applicable here:

> Under the best case scenario, [the plaintiff] waited until approximately two weeks before the statute of limitations expired to file suit against unnamed defendants. While the Fifth Circuit has held that a plaintiff should be given a reasonable time to conduct discovery, Plaintiff did not allow any time for discovery about their identities before the statute of limitations elapsed, and he has not adequately explained why he could not have filed suit earlier. He has not shown that he has diligently pursued his claims against the defendants such that equitable tolling is warranted in order to permit discovery of their identities. See Gaia v. Smith, 2011 WL 96578, *4 (S.D. Tex. Jan. 11, 2011) (finding no entitlement to equitable tolling where the defendants were added to the suit after the limitations had expired because suit was filed only two months before limitations ran and the plaintiff therefore did not allow time for discovery to be conducted); Nazerzadeh v. Harris County, 2010 WL 3817149, *36 (S.D. Tex. Sept. 27, 2010) (finding no entitlement to equitable tolling as to "John Doe" officers where suit was filed on last day of limitations period, too late to permit discovery into their identities before limitations ran); compare Green v.

7

Doe, 260 Fed. Appx. at *2 (finding entitlement to
equitable tolling in context of motion to amend
complaint to name defendant after limitations had run
where suit was filed eleven months before limitations
expired and repeated denials of plaintiff's discovery
motions had prevented him from timely determining the
identity of the defendant).  Plaintiff's claims against
the unknown defendants should therefore be dismissed as
barred by the statute of limitations.

Id.[1]

For these reasons, the court concludes that equitable tolling
is unavailable, and as a consequence, plaintiff's claims are time
barred.  Accordingly, it is ordered that ActionPaq's motion to
dismiss is granted.

SO ORDERED this 26th day of August, 2011.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[1]  ActionPaq has further argued that the running of the
statute of limitations on the wrongful death claim was not tolled
by virtue of the minority of the alleged illegitimate heir, and
that he lacks standing to assert the claim in any event since he
failed to establish his right to inherit from the decedent in
accordance with Mississippi's statutory requirements.  In response
to the motion, plaintiff agrees that the minor child, Michael
Orozco-Tema, does not have standing to pursue a wrongful death
claim since there has been no formal adjudication of his
establishment of his right to inherit under Mississippi Code
Annotated § 91-1-5, as required under the wrongful death statute,
Miss. Code Ann. § 11-7-13.  And she agrees that the statute of
limitations was not tolled by virtue of his minority.